| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | DISTRICT OF NEVADA |

| | |
|---|---|
| MORGAN FULLER, | Case No. 2:19-cv-00671-RFB-BNW |
| Plaintiff | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed three Applications to Proceed *In Forma Pauperis* and a Motion for Appointment of Counsel. (ECF Nos. 1-1, 5, 6, 8, 9). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses the motions.

I. **IN FORMA PAUPERIS APPLICATIONS**

Plaintiff has filed three Applications to Proceed *In Forma Pauperis*. (ECF Nos. 5, 6, 8). The Court will consider the application filed at ECF No. 8 to be the operative application and deny the other two applications (ECF Nos. 5, 6) as moot. Plaintiff's Application to Proceed *In Forma Pauperis* is granted. (ECF No. 8). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

II. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

1  must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550
2  U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is
3  insufficient. Id.

4  Additionally, a reviewing court should "begin by identifying pleadings [allegations]
5  that, because they are no more than mere conclusions, are not entitled to the assumption
6  of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide
7  the framework of a complaint, they must be supported with factual allegations." Id. "When
8  there are well-pleaded factual allegations, a court should assume their veracity and then
9  determine whether they plausibly give rise to an entitlement to relief." Id. "Determining
10 whether a complaint states a plausible claim for relief . . . [is] a context-specific task that
11 requires the reviewing court to draw on its judicial experience and common sense." Id.

12 Finally, all or part of a complaint filed by an incarcerated person may therefore be
13 dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.
14 This includes claims based on legal conclusions that are untenable (e.g., claims against
15 defendants who are immune from suit or claims of infringement of a legal interest which
16 clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,
17 fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989);
18 see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues Defendant United States of America for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1-2). Plaintiff alleges two counts and seeks monetary damages and injunctive relief in the form of witness protection and a new identity. (Id. at 5, 9).

The complaint alleges the following: Between 2015 and 2019, the Central Intelligence Agency ("CIA") of the United States has been illegally surveilling Plaintiff with radiation intelligence and electronic surveillance. (Id. at 4-5.) The United States has defamed Plaintiff's character, conspired to deprive Plaintiff of his civil rights, violated the Ku Klux Klan Act, and violated the Foreign Intelligence Surveillance Act ("FISA"). (Id. at

2-5).

The Court dismisses the complaint in its entirety without prejudice with leave to amend. Plaintiff has not made factual allegations sufficient enough for the Court to determine whether Plaintiff states any colorable claims. Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff should follow the directions in the form complaint and "describe exactly what each specific defendant (by name) did to violate [his] rights."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within thirty (30) days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action with prejudice for failure to state a claim.

**IV. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a motion for appointment of counsel. (ECF No. 9). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to

afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without prejudice.

**V.     CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Applications to Proceed *In Forma Pauperis* (ECF Nos. 5, 6) are denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 8) without having to prepay the full filing fee is **GRANTED**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Morgan Fuller[1], #1203152** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall send a

---

[1] The Court notes that the NDOC lists Plaintiff's name as "Tyler Fuller Morgan" with an alias as "Morgan Fuller." In the complaint, Plaintiff identifies himself as "Morgan Fuller."

- 5 -

copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court file the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice with leave to amend.

**IT IS FURTHER ORDERED** that Defendant United States of America is dismissed from the entire complaint without prejudice.

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within thirty (30) days from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (ECF No. 9) is denied without prejudice.

DATED THIS 24th day of March 2020.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE